UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELLY STEWART** | **CIVIL ACTION# 2:22-cv- 04258** |
| **VERSUS** | |
| | **JUDGE: ELDON E. FALLON** |
| **USAA GENERAL INDEMNITY COMPANY** *et al* | **MAGISTRATE: KAREN WELLS ROBY** |

*****************************************************************************

## ORDER & REASONS

Before the Court is a motion to dismiss filed by Defendants United States Automobile Association ("USAA") and USAA General Indemnity Company. R. Doc. 26. Plaintiff opposes the motion. R. Doc. 33. Considering the record, ,the briefing, and the applicable law, the Court now rules as follows.

I. BACKGROUND

This case arises from alleged damage caused to Plaintiff Shelley Stewart's residence by Hurricanes Zeta and Ida. R. Doc. 1. Plaintiff alleges that Defendants USAA and USAA General Indemnity Company provided an insurance policy which covered Plaintiff's property at the times of both hurricanes. *Id.* at 3-4. Plaintiff maintains that she promptly reported her losses from Ida to Defendants, who adjusted her claim unreasonably and refused to timely tender funds. *Id.* at 5-6. Plaintiff filed in this Court alleging diversity jurisdiction. *Id.* Plaintiff alleges two causes of action: (1) breach of insurance policy; and (2) bad faith under La. R.S. §§ 22:1892 and 1973. *Id.* at 8.

Plaintiff was originally represented by McClenny, Moseley & Associates ("MMA"). R. Doc. 22. However, On March 8, 2023, Chief Judge Brown stayed this matter—along with all other cases filed by MMA pending in this district—due to fraudulent conduct by the firm. R. Doc. 14. Plaintiff's MMA counsel thereafter withdrew, leaving her unrepresented. R. Doc. 19, 20. On June

30, 2023, Chief Magistrate Judge Michael North sent a letter to Plaintiff notifying her of the action and informing her that, to proceed with the lawsuit, she could take one of three actions: (1) hire a new lawyer, (2) represent herself, or (3) dismiss the matter and waive her rights regarding his claim and any other issues therein. R. Doc. 21. Plaintiff was unrepresented for over a year but enrolled new Counsel on August 12, 2024. R. Doc. 30.

## II.    PRESENT MOTION

On May 22, 2024, Defendants filed the instant motion to dismiss. R. Doc. 26. Plaintiff was still unrepresented at that time and had taken no action on her claims in over a year. Accordingly, Defendants argued that Plaintiff's claim should be dismissed for failure to prosecute. *Id.* at 4. Second, Defendants averred that the case should be dismissed for lack of diversity jurisdiction. *Id.* at 3. Defendant noted that courts have consistently held that Defendant USAA is a citizen of all 50 states and thus its presence in a suit destroys diversity. *Id.* Defendant cites six district court opinions from this Court reiterating this holding. *Id.*

Plaintiff opposes the motion. R. Doc. 33. As to failure to prosecute, she explains that she was not receiving mail for many months and had no knowledge of the suit. *Id.* at 2. As to jurisdiction, Plaintiff maintains that she is now living in Mississippi. *Id.* She avers that USAA General Indemnity Company is a citizen of Texas and that USAA is a citizen of Louisiana, establishing complete diversity. *Id.* at 4. Plaintiff offers no support for the proposition that USAA is only a citizen of Louisiana.

## III.    LAW AND ANALYSIS

The Court will dismiss this suit for a lack of diversity jurisdiction. Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Diversity

jurisdiction is proper only when "complete diversity" exists between the parties, meaning that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

Courts within this Circuit have consistently held that "USAA is a reciprocal interinsurance exchange whose citizenship is determined by the citizenship of each of its constituent members. USAA has members in all 50 states and is thus a citizen of every state." *Washington-Nash v. United Servs. Auto. Ass'n*, No. 23-4942, 2024 WL 663662, at *1 (E.D. La. Feb. 16, 2024); *see also Miller v. USAA*, No. 23-4294, 2024 WL 3553582, at *1 (E.D. La. July 26, 2024); *Brooks v. United Servs. Auto. Ass'n*, No. 23-3181, 2023 WL 7411189, at *1 n.3 (E.D. La. Nov. 9, 2023). Because USAA is a citizen of every state, it is immaterial whether Plaintiff is deemed a citizen of Louisiana or Mississippi. Because complete diversity is lacking, this Court has no jurisdiction and must dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1).

### IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Dismiss, R. Doc. 26, is **GRANTED.**

New Orleans, Louisiana, this 10th day of October, 2024.

HONORABLE ELDON E. FALLON